## Annexation of Land to Upper Gwynedd Township

*Samuel D. Conver*, for petitioner.

*G. Herbert Jenkins*, for Upper Gwynedd Township.

*High, Dettra & Swartz*, for Borough of North Wales.

KNIGHT, P. J., August 2, 1935.—The line, dividing the Borough of North Wales, and the Township of Upper Gwynedd, passes through the land and the factory building of the Keller-Whilldin Pottery Company, and the company has filed this petition, under section 430 et seq. of The General Borough Act of May 4, 1927, P. L. 519, praying that the portion of its property within the Borough of North Wales be detached from that borough, and annexed to the Township of Upper Gwynedd.

From the evidence produced, we make the following ·

### Findings of fact

1. The Borough of North Wales operates under The General Borough Act of 1927. In area it contains 388.31 acres, with an assessed valuation of $1,600,000. There is

electric light, gas, and water in the borough. These facilities are supplied by private corporations. There is also a sewer system in the town, which is used by the petitioning company, and if the plant remains in the borough, this service will be free of charge, if desired. There is a volunteer fire company in the borough, toward the support of which the borough council appropriates about $1,500 a year.

2. The pottery company, about the year 1922, purchased the tract of land which it now occupies. The tract consists of 53.681 acres, and contains a deposit of clay. It was because of this deposit that the pottery company located its factory there. When the company purchased, the dividing line between the Borough of North Wales and Upper Gwynedd Township was as now located, but the whole tract was assessed and taxed by Upper Gwynedd Township. This arrangement continued until 1934, when that part of the tract in North Wales was assessed by the assessor of that borough, for $6,000. The remaining portion, in Upper Gwynedd, is assessed by that township at $12,000.

3. The line dividing the township and the borough runs through the factory building of the pottery company, so that one fourth of the building is in the township, and three fourths in the borough.

4. The total tax rate of Upper Gwynedd is 22 mills; that of North Wales 38 mills.

5. The portion of the tract in the borough fronts on Walnut Street, which is a State highway, maintained by the State.

6. There is a fire hydrant maintained by the borough in the street adjoining the factory of the pottery company.

7. Detaching that portion of the petitioner's tract now in the borough from the municipality will not affect the symmetry of the borough lines, except that it will leave a small triangle containing about 5 acres jutting into the township.

8. The portion of the land of the petitioner within the Borough of North Wales contains 12.283 acres. . . .

9. The Borough of North Wales opposes the proposed detachment. The Township of Upper Gwynedd does not oppose the change desired by the petitioner.

### Discussion

Section 430 of The General Borough Act of 1927 provides:

"The court of quarter sessions, upon petition, may change the limits of any borough by detaching territory therefrom and annexing the same to a contiguous township or townships."

The act rests the decision in this case in the discretion of the court, but it furnishes us with no guide to the exercise of that discretion. We take it, however, that certain factors must be considered, such as the reasonableness of the request, the benefit to the petitioner, the detriment to the protesting municipality, and the existing conditions.

The assessed value of the land, which the petitioner desires detached from the borough, is $6,000, or three eighths of one percent of the total assessed value of the municipality. Detaching this land from North Wales will not materially affect the borough in any way.

The dividing line passes through the factory building of the petitioner. This creates an awkward situation, particularly in assessing the property, or in case there should be a sale for the payment of taxes.

It might be argued that petitioner knew of the division line when it erected its building, and hence is now in no position to complain. When the building was erected, however, the whole tract was assessed and taxed in Upper Gwynedd Township, and had been for a number of years. This continued to be the situation for 12 years after the factory was built. Petitioner had reason to believe that an arrangement so long established would be continued.

The factory building and the tract of land must be looked upon as an entity because of the clay deposit, and it is always advantageous to have such a property situated entirely in one political subdivision, where it is assessed and taxed by one authority.

Taking all these things into consideration we are of the opinion that the request of the petitioner is not unreasonable and that the proposed change would be to its advantage.

In arriving at this conclusion we have not considered the difference in the tax rates of the two municipalities, for, as we view it, this is not a valid or proper reason for petitioner to secede from the borough.

The borough opposes the change because of the loss of revenue, but this will be partly offset by the charge it will make for the sewer connection if this service is desired by the petitioner.

After considering the whole matter in the light of existing conditions, we are of the opinion that the prayer of the petition should be granted.

## Decree

And now, August 2, 1935, after hearing, and full consideration, it is ordered, adjudged and decreed that the portion of land of the petitioner, within the Borough of North Wales, containing 12.283 acres . . . be, and is hereby detached from the Borough of North Wales, and annexed to the Township of Upper Gwynedd.

The petition filed in this case, and this decree, shall be recorded in the office for the recording of deeds, in and for Montgomery County, at the expense of the petitioner, and henceforth the boundaries of the Borough of North Wales, and of the Township of Upper Gwynedd, shall be as decreed by the court.

EDWARD FOULKE, ESQ., is hereby appointed as auditor, under the provisions of sections 720 and 721 of the General Borough Act of May 4, 1927, P. L. 519, to adjust the indebtedness of the Borough of North Wales and the

Township of Upper Gwynedd, as affected by this decree. He shall give 30-days' notice of his appointment, and of a hearing to all parties in interest. After making the necessary investigation, the auditor shall report to this court, and in his report shall include a form of decree, making such adjustment of the indebtedness of the borough and the township, as he shall deem equitable.